IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHAD HEINLEIN,                                    )
                                                  )
              Plaintiff,                           )
                                                  )                    13 CV 512-MJR/PMF
       vs.                                         )
                                                  )                    Jury Demand
CITY OF ALTON, ILLINOIS                            )
A Municipal Corporation; and in their             )
Individual and Official Capacities, The City      )
Of Alton Police Chief DAVID HAYES,                )
Alton Police Officer SETH STINNETT,               )
Alton Police Officer MICHAEL BEABER,              )
Alton Police Officer STEPHEN JANUARY,             )
Alton Police Officer, PETER                        )
VAMBAKETES, Alton Police Officer                  )
WILLIAM REED, and other unknown Alton             )
Illinois Police Officers                           )
              Defendants.                           )

## COMPLAINT

Now comes the plaintiff, CHAD HEINLEIN, by and through his attorneys, Bas

Law Office, P.C., and for the Common Count against each and all of the defendants,

including the Alton City a Municipal Corporation, and in their individual and official

capacities, Alton Police Chief David Hayes, Alton Police Officer SETH STINNETT,

Alton Police Officer MICHAEL BEABER, Alton Police Officer STEPHEN JANUARY,

Alton Police Officer, PETER VAMBAKETES, and Alton Police Officer WILLIAM

REED:

## COMMON COUNT

## THE PARTIES

1.   That at all times relevant hereto, plaintiff Chad Heinlein (hereinafter referred to as "plaintiff Heinlein") is a resident of the City of Cottage Hills, County of Madison, State of Illinois.

2.   That at all times relevant hereto, defendant City of Alton, Illinois (hereinafter referred to as "defendant Alton") is a Municipal Corporation organized under the laws of the State of Illinois, regularly conducting its operations and/or business with the general public and with plaintiff Heinlein in the City of Alton, County of Madison, State of Illinois, as the City of Alton.

3.   That at all times relevant hereto, defendant Alton operated and controlled a police department and its individual police officers, including but not limited to DAVID HAYES, Alton Police Officer SETH STINNETT, Alton Police Officer MICHAEL BEABER, Alton Police Officer STEPHEN JANUARY, Alton Police Officer, PETER VAMBAKETES, Alton Police Officer WILLIAM REED, and certain other unknown defendant Alton police officers, each of which officers was acting in his official capacity as an officer for the City of Alton Police Department.

4.   That at all times relevant hereto, defendant DAVID HAYES, was employed by defendant Alton City as the Police Chief of the City of Alton, and he was acting in his official capacity as Chief of Police of the City of Alton Police Department (hereinafter referred to as "Chief Hayes").

5.   That at all times relevant hereto and or about June 3, 2012, Chief Hayes was the final decision-maker for defendant Alton on all customs, practices, and policies at the Alton Police Department.  Chief Hayes is sued in his individual and official

capacities.  At all time relevant hereto, Chief Hayes was acting in accordance with the pursuant to the customs, policies, and practices of defendant Alton.  At all times relevant hereto, and with respect to the state law claims herein, Chief Hayes was acting within the scope and furtherance of his employment with and/or for defendant Alton and with authority as an agent, employee or servant of defendant Alton.

6. That at all time relevant hereto and on or about June 3, 2012 defendant Officer Seth Stinnett was a police officer employed by defendant Alton and/or its police department.  Officer Seth Stinnett is sued in his individual and official capacities. At all time relevant hereto, Officer Stinnett was acting in accordance and pursuant to the customs, policies, and practices of defendant Alton.  At all times relevant hereto, and with respect to the state law claims here, Officer Seth Stinnet was acting within the scope and furtherance of his employment and with authority as an agent, employee or servant of defendant Alton.

7. That at all time relevant hereto and on or about June 3, 2012, defendant Officer Michael Beaber was a police officer employed by defendant Alton and/or its police department.  Officer Michael Beaber is sued in his individual and official capacities.  At all time relevant hereto, Officer Michael Beaber was acting in accordance and pursuant to the customs, policies, and practices of defendant Alton.  At all times relevant hereto, and with respect to the state law claims here, Officer Michael Beaber was acting within the scope and furtherance of his employment and with authority as an agent, employee or servant of defendant Alton.

8.  That at all time relevant hereto and on or about June 3, 2012, defendant Officer Stephen January was a police officer employed by defendant Alton and/or its police department. Officer Stephen January is sued in his individual and official capacities. At all time relevant hereto, Officer Stephen January was acting in accordance and pursuant to the customs, policies, and practices of defendant Alton. At all times relevant hereto, and with respect to the state law claims here, Officer Stephen Beaber was acting within the scope and furtherance of his employment and with authority as an agent, employee or servant of defendant Alton.

9.  That at all time relevant hereto and on or about June 3, 2012, defendant Officer Peter Vambaketes was a police officer employed by defendant Alton and/or its police department. Officer Peter Vambaketes is sued in his individual and official capacities. At all time relevant hereto, Officer Peter Vambaketes was acting in accordance and pursuant to the customs, policies, and practices of defendant Alton. At all times relevant hereto, and with respect to the state law claims here, Officer Peter Vambaketes was acting within the scope and furtherance of his employment and with authority as an agent, employee or servant of defendant Alton.

10. That at all time relevant hereto and on or about June 3, 2012, defendant Officer William Reed was a police officer employed by defendant Alton and/or its police department. Officer William Reed is sued in his individual and official capacities. At all time relevant hereto, Officer William Reed was acting in accordance and pursuant to the customs, policies, and practices of defendant Alton. At all times

relevant hereto, and with respect to the state law William Reed was acting within the scope and furtherance of his employment and with authority as an agent, employee or servant of defendant Alton.

## JURISDICTION

11. Jurisdiction is conferred on the court, for the resolution of the federal and constitutional questions presented, by 28 U.S.C. §§1331 and 1343.  In this case, redress for federal constitutional violations is sought pursuant to 42 U.S.C. §1983.

12. Supplemental jurisdiction of this court to grant relief on supplemental Illinois state claims is conferred by 28 U.S.C. §1367.

## FACTUAL BACKGROUND:

## THE CITY OF ALTON AND ITS POLICE DEPARMENT

13. Over the past two to three decades, the City of Alton Police Department has developed an unwritten policy and practice of systematically and regularly denying the constitutional rights of persons detained and/or arrested for traffic and misdemeanor offenses by on-duty and off-duty Alton Police Officers.  This policy did involve and does involve, at the minimum, the following:

   a. Unprovoked assaults and batteries by Alton police officers against individuals stopped, detained or arrested for routine traffic violations;

   b. Unprovoked assaults and batteries by Alton police officers against individuals stopped, detained or arrested for misdemeanor violations;

    c.  Unprovoked assaults and batteries by Alton police officers using their batons and tasers against non-violent persons who are stopped, detained or arrested for routine traffic or misdemeanor violations;

    d.  Excessive use of force by Alton police officers against individuals stopped, detained or arrested for routine traffic or misdemeanor violations;

    e.  Stops, detainment and arrest of individuals without probable cause by Alton police officers;

    f.  Beatings, excessive use of force, assaults, and indiscriminate and violent use of batons and other weapons, including tasers, by members of the Alton police department against detainees, arrestees and/or prisoners in the custody of Alton police officers;

    g.  Falsely arresting persons and incarcerating such arrested persons in the Alton Jail and/or the St. Clair County Jail, and forcing such arrested persons to post bail; and

    h.  Instigating wrongful and malicious prosecutions against arrested persons.

14. That at all times relevant hereto and for many years prior to defendant Chief David Hayes' employment as Chief of Police of the defendant Alton, and when he was hired as the Chief of Police, and at the time of the incident complained of by plaintiff Chad Heinlein in the instant Complaint, the customs, practices, and policies described herein were already in place in the City of Alton and its police department, but over the course of years such customs, practices and policies have become more and more pervasive and prevalent.

15. At all times relevant hereto and in an effort to facilitate the long standing customs, policies and practices described herein, the defendants, and each and all of them, consistently engage in the following practices vis-à-vis persons stopped, detained and arrested by Alton police officers, as well as those persons in the custody of defendant Alton as prisoners, to wit:

    a.  Refusing to follow standard police procedure by failing to have a video camera available and/or in operating condition inside Alton police cars to document the stop, detainment and arrest of persons alleged to have committed traffic offenses and misdemeanor and felony criminal acts;

    b.  Refusing to follow standard police procedure by failing to cause any video camera available inside Alton police cars to document the stop, detainment and arrest of persons alleged to have committed traffic offenses and misdemeanor and felony criminal acts;

    c.  Refusing to follow standard police procedure by failing to have a camera available in the Alton jail to properly photograph detainees and/or arrestees and/or to take "mug" shots (in-custody photographs) of arrested persons and their injuries caused by defendant Alton or otherwise because of the fear of the police department and defendant Alton that the abusive behavior of the defendants will be documented;

    d.  Refusing to follow standard police procedure by failing to install and/or activate surveillance cameras at the Alton jail because of the fear that the abusive behavior of the defendants toward arrested persons will be documented;

e.  Refusing to follow standard police procedure by failing to provide medical treatment to obviously injured suspects, detainees and persons arrested;

f.  Routinely utilizing full custody arrest of individuals charged with minor traffic and misdemeanor offenses rather than releasing said persons on their own recognizance with a notice to appear in court on a particular date;

g.  Forcing legally and illegally arrested person to post cash bonds rather than releasing them on their own recognizance with notice to appear in court;

h.  Directly filing Class A misdemeanor charges in the Circuit Court of the 3rd Judicial Circuit rather than having said misdemeanor charges reviewed by the Madison County State's Attorney's office and/or its personnel prior to issuance of the charge by the Madison County State's Attorney's Office;

i.  Preparing false police reports to cover up the illegal conduct of defendants;

j.  Charging persons arrested with multiple Class A misdemeanor violations in an effort to cover up the illegal conduct of the defendants and to force those person arrested to plead guilty to one or more misdemeanor charges;

k.  Using their tasers on arrested individuals one or more times during the same unlawful arrest;

l.  Using their tasers on arrested individuals during a lawful arrest without any good faith or reasonable belief that the safety of either the arresting officers or officers or the general public was being threatened by the person being arrested;

    m.  Using their tasers one or more times on persons already under arrest and/or during the arrest of such persons without any good faith or reasonable belief that the use of force on the arrested  person, including the use of a taser, was necessary to protect the safety of either the arresting officer or officers or the general public or the arrested person;

    n.  Using their tasers one or more times on persons already under arrest and in handcuffs;

    o.  Using their tasers one or more times on persons already under arrest and in handcuffs without good faith or reasonable belief that the use of force on the arrested person, including the use of a taser, was necessary to protect the safety of either the arresting officer or officers or the general public or the arrested person;

    p.  Using excessive force in effecting the lawful arrest of person charged with traffic offenses and both misdemeanor and felony criminal acts; and

    q.  Using excessive force in effecting the unlawful arrest of persons charged with traffic or misdemeanor offenses.

16. That all times relevant hereto and on or about June 3, 2012, Chief Hayes had knowledge of all the facts stated in paragraphs (a) through (q) above, and furthermore, he was specifically aware of previous complaints of abusive treatments and misconduct lodged against members of the Alton police department and against defendant Alton, including those lodged against instant defendants, SETH STINNETT, MICHAEL BEABER, STEPHEN JANUARY,

PETER VAMBAKETES, and WILLIAM REED, as well as against other unnamed defendants.

17. That at all times relevant hereto and on or about June 3, 2012, Chief Hayes either encouraged, approved, ratified and/or was deliberately indifferent to the past problems, concerns, actions and inactions of defendants more specifically described in the above paragraphs.

## THE INCIDENT/DURING WHICH PLAINTIFF CHAD HEINLEIN WAS FALSELY ARRESTED AND BEATEN AND TASED BY DEFENDANTS

18. On or about June 3, 2012, Plaintiff was in a business establishment, called Raging Cajun, at approximately 2:00 a.m in the morning, located at 210 W 3rd St Alton, Madison County Illinois, when with at least one other friend, when another friend had notified plaintiff that their acquaintances were being questioned by Alton Police Officers, including, but not limited to Officers Seth Stinnett, Stephen January, Michael Beaber, Peter Vambaketes, and William Reed arrived in their marked squad cars onto vicinity near the establishment.

19. That at said time and place, plaintiff lawfully walked out of the establishment, toward the public area where some, if not all of the aforementioned officers, who had arrived in marked squad cars, were interrogating at least two of plaintiff's friends concerning a possible altercation that occurred earlier that evening.

20. That at said time and place, plaintiff was standing lawfully near and around the public area where all of the aforementioned officers were interrogating plaintiff's

friends, plaintiff asked one of the officers the reason for the stop and interrogation of his friends.

21. One of the officers spoke to plaintiff's friend and asked him why he was around the police interrogation.

22. That while plaintiff was lawfully standing and inquiring about the police interrogation, Officer Seth Stinnett asked plaintiff to furnish identification on him. Plaintiff responded that he did not have any identification other than his license on his person.  Officer Seth Stinnett became angry with plaintiff's response, and without offering any reason and without having any probable cause, or reasonable suspicion of any criminal wrongdoing, grabbed plaintiff's hands, placed them behind his back and handcuffed him.

23. That Alton Police officers, including but limited to Seth Stinnett never stated any reason or basis for handcuffing plaintiff.

24. After Officer Seth Stinnett unlawfully placed plaintiff in handcuffs without offering any reason, plaintiff asked Stinnett the reason for being placed under arrest.  Officer Seth Stinnett lifted plaintiff and threw plaintiff on his side, and then kicked plaintiff in the ribs and plaintiff was tased by Officer Stinnett or one of the other on-scene and identified or unknown Alton Police Officers.

25. After Seth Stinnett threw plaintiff on the ground , kicked plaintiff in the ribs and plaintiff was tased, other Alton Police Officers, including but limited to Officer Michael Beaber, Officer Stephen January, Officer Peter Vambaketes, and Officer William Reed struck and used physical force against plaintiff in his back. Plaintiff overheard one of the officers yelling, "he needs another one," and then

plaintiff was tased a second time.  While plaintiff was tased for a second time, one or more of the aforementioned officers applied force to plaintiff's lower back and upper legs by sitting on plaintiff.

26. After one, or more of the Alton Police Officers, thew plaintiff on the ground, kicked him in the ribs, repeatedly punched plaintiff in various areas of his body and tased plaintiff at least twice, plaintiff was lifted up by his handcuffs and placed in one of the Alton Police Officers' squad car.

27. That despite plaintiff Heinlein's pleading for the defendant Officers Stinnet, Beaber, January, Vambaketes, and Reed to cease in their beating and tasing of him, the beating and tasing from defendants, and each of them, continued, and the injuries suffered by plaintiff Heinlein adversely impact plaintiff Heinlein's  life every day, even to this day.

28. That while plaintiff Heinlein was transported by defendants to the Alton jail, and while he was present at the jail for several hours, plaintiff pleaded to be provided with medical attention, all of which pleas were ignored by defendant Alton and its employees.

29. That at all times relevant hereto, plaintiff Heinlein was denied medical attention for his face, arms, back, and torso and other minor injuries by defendant Alton from June 3, 2012, in the late even hours until his release.

30. That as a result of the injuries caused by defendant Alton, underwent medical treatment which reveal fractures to plaintiff's ribs; as a result of said injuries sustained by the actions of Defendant Alton, plaintiff incurred medical bills in excess of $10,000.00.

31. That at all times relevant hereto, and when defendant Alton beat and tased plaintiff Heinlein, plaintiff was not covered by any policy of health insurance.

32. That at all times relevant hereto, and on information and belief, per department policy, defendant Officer Beaber prepared a written police report of the incident which occurred on June 3, 2012.  Defendant Officer Beaber's report was false in that defendant Officer Beaber made allegations that plaintiff yelled "why are you talking to them" and "we didn't do nothing" impeding Sergant Stinnett's ability to speak to ... about a possible altercation that occurred."

33. That at all times relevant hereto, and on information and belief, per department policy, defendant Officer Beaber prepared a written police report of the incident which occurred on June 3, 2012.  Defendant Officer Beaber's report was false in that defendant Officer Beaber made allegations that plaintiff attempted to push and pull away and also attempted to run away from Beaber and other officers.

34. That at all times relevant hereto, and on information and belief, per department policy, defendant Officer Stephen January prepared a written police report of the incident which occurred on June 3, 2012.  Defendant Officer January's report was false in that defendant Officer January made allegations that plaintiff interfered with the investigation about the possible fight on 3rd street; that Heinlein stated he did not have his identification card on his person; that Heinlein stated he had his license on his person but made no effort to provide it for Officer January; that Heinlein told Officer January they did not have to provide their names and refused to leave.

35. That at all times relevant hereto, and on information and belief, per department policy, defendant Officer Stephen January prepared a written police report of the incident which occurred on June 3, 2012. Defendant Officer January's report was false in that defendant Officer January made allegations that plaintiff pushed and pulled away from Officer January in an attempt to defeat the arrest; that at which time force was necessary.

36. That at all times relevant hereto, and prior to, during, and after defendant Alton arrested plaintiff Heinlein, who was beaten and tased as he lay on the ground posing no threat to any person whatsoever, defendant Alton had no good faith belief that then defendant and plaintiff Heinlein posed a threat of harm to them or to any other persons (other persons were close by and witnessed the entire beating and tasing of plaintiff Heinlein.

37. That at all times relevant hereto and in an attempt to explain the obvious and serious injuries to plaintiff Heinlein, defendant Officer Beaber and Officer January falsely wrote in his report that plaintiff Heinlein resisted arrest.

38. That on information and belief, and pursuant to the police report filed by defendant Officer Beaber and/or Officer January and provided to the Madison County State's Attorney's Office, plaintiff Heinlein was charged with the following traffic citations and misdemeanor offenses: obstruction and/or resisting a peace officer.

39. That at no time did the Alton police department present any written reports to the Madison County State's Attorney's Office for issuance of criminal charges against plaintiff Heinlein, thus commencing the criminal prosecution process.

From past experience, the Alton police department and defendant Officers Beaber and January, and Chief Hayes, and all other defendants knew that the procedure of applying to the Madison County State's Attorney's Office for long form misdemeanors and warrants were procedures to be avoided to prevent independent scrutiny or review of the charges by the Madison County State's Attorney's Office, and effectively commencing the prosecution against plaintiff Heinlein without any review of the circumstances surrounding his arrest and/or the bringing of the charges reference above herein.

40. On information and belief, defendant Chief Hayes, pursuant to Alton Police department policy, reviewed defendant Officer Beaber and January's false report of the incident involving plaintiff Heinlein which occurred on June 3, 2012. Chief Hayes was well aware of previous complaints of brutality and infractions of Alton police department officers, including but not limited to defendant Officers Beaber and January, but he did nothing to further scrutinze the case or the charges against plaintiff Heinlein because he knew that the charges against plaintiff Heinlein were being directly filed with the Madison County, Illinois Circuit Court, thus preventing any independent scrutiny of the activities of defendant Alton and/or police department and its officers.  Additionally, pursuant to the policy and practice actually in place at the Alton police department, defendant Chief Hayes engaged in no actions to prevent the filing of the false charges against plaintiff Heinlein, or to require that the actions of members of his police department who had effectuated the June 3, 2012 arrest of plaintiff Heinlein

would be reviewed independently by the Madison County, Illinois State's Attorney's Office.

41. That to protect himself from the false criminal charges being pursued by defendants, and each of them, against himself, current plaintiff and then-defendant Heinlein was forced to retain the services of an attorney to represent him against the fraudulent criminal and traffic charges brought against him by defendant Alton, so he hired attorney, Robert Bas, to represent him at trial of the matters. Plaintiff Heinlein was required to pay large sums of money to attorney Bas for representation in the prosecution of the false criminal charges filed against him by defendant Alton.

42. That the defendants, individually and in conspiracy with each other, carried out the actions alleged in this Complaint intentionally, or with deliberate indifference to and callous disregard for the safety and basic rights and Constitutional rights of plaintiff Heinlein. The defendants, and each of them, had an actual intention to cause the harm described herein to plaintiff Heinlein and to cause plaintiff Heinlein to be convicted of the charges referenced above herein; the defendants had an actual intention to cause plaintiff Heinlein to be incarcerated in the Illinois Department of Corrections and/or to be simply convicted of a misdemeanor which plaintiff Heinlein did not commit, and they showed a deliberate indifference to and a conscious disregard for the rights and safety of plaintiff Heinlein. The actions of the defendants, and each and all of them, were accordingly willful and wanton and shocked the conscious of a normal individual.

43. That at all times relevant hereto, the defendants, and each and all of them, acted at all times in conspiracy with each other, as has been more fully described above herein, and under color of law.  The conduct of the defendants, and each and all of them, was part of a custom, policy, or practice of defendant Alton in its police department in place on or about June 3, 2012, which custom, policy and/or practice had been in place for many years.

44. That defendants Alton, Chief Hayes, and Officers Stinnett, Beaber, January, Vambaketes, and Reed, and certain other currently unknown Alton police officers, were at all times acting vis-à-vis plaintiff Heinlein and in their actions and inactions toward plaintiff Heinlein pursuant to the official custom, policy, and/or practice of defendant Alton.

45. That at all times relevant hereto, and while acting under color of law and pursuant to official policy, custom and/or practice, defendant Alton knowing, recklessly, or with deliberate indifference to and with callous disregard for plaintiff Heinlein's safety and rights, failed to instruct, supervise, control and/or discipline on a continuing basis members of the Alton department including but not limited to defendants Officers Hayes, Officers Stinnett, Beaber, January, Vambaketes, and Reed, with reference to their duties to refrain, individually, and in conspiracy with each other and the other defendants, from violating the safety and the rights of plaintiff Heinlein as set forth in this Complaint.  Said rights, privileges, and immunities are guaranteed to plaintiff Heinlein under the constitutions and laws of the United States and the State of Illinois.

46. That at all times relevant hereto, defendant Alton had knowledge of, or, had it diligently exercised its duties to instruct, supervise, control, and discipline on a continuing basis defendants Officers Stinnett, Beaber, January, Vambaketes, and Reed, should have had knowledge that the wrongs conspired to be done, as hereto for alleged, were about to be committed.  Defendant Alton had the power to prevent or aid in preventing the commission of said wrongs, or could have done so by reasonable diligence, and said defendant knowingly, recklessly, and/or with deliberate indifference and callous disregard for plaintiff Heinlein's rights failed or refused to do so, and in refusing to do so and engaging in acts in which they engaged vis-à-vis plaintiff Heinlein, defendant Alton and its police officers were at all time acting pursuant to official custom, policy, and/or practice of the City of Alton and/or its police department.

47. That at all times relevant hereto, defendant Alton, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of defendants Chief Hayes, Officers Stinnett, Beaber, January, Vambaketes, and Reed as hereto for described.  Defendant Alton and its police officers were at all times acting pursuant to official, custom, policy, and/or practice.

48. That at all times relevant hereto, and as a result of the actions and/or inactions of defendants, and each and all of them, plaintiff Heinlein suffered violations of his rights under the U.S. Constitution as set forth in this Complaint, serious physical injury, and serious mental anguish and humiliation, all to the great damage of plaintiff Heinlein.

49. That as a direct and proximate result of the act and/or omissions to act on the part of the defendants, and each and all of them, as alleged above herein, plaintiff Heinlein suffered violation of his rights under the U.S. Constitution as set forth in this Complaint; additionally, plaintiff Heinlein was severely injured; numerous parts of his body and nervous system were damaged and their existing condition impaired; he did suffer great physical and mental pain and suffering, he suffered great humiliation and degradation; he became responsible for a great number of doctor, hospital and other medical treatment bills; he will be required to spend sums of money for future medical treatment; he lost great sums of wages and income and/or was otherwise deprived of current and future wages; all to the great damage of plaintiff Heinlein.

## COUNT ONE

**PLAINTIFF HEINLEIN'S CLAIMS FOR VIOLATION OF HIS CIVIL RIGHTS UNDER THE U.S. CONSTITUTION AGAINST ALL DEFENDANTS**

Now comes the plaintiff CHAD HEINLEIN, by and through his attorneys, **Bas Law Office, P.C.**, and for Count One of his Complaint against each and all of the defendants, including the City of Alton, a Municipal Corporation, and in their individuals and official capacities, City of Alton Police Chief Hayes, Alton Police Officers Seth Stinnett, Michael Beaber, Stephen January, Peter Vambaketes, and William Reed and Certain Other Unknown Alton Police Officers, states as follows:

50. That for paragraphs one (1) through fifty (50) of Count One, plaintiff Heinlein repeats and realleges paragraphs one (1) through fifty (50) above as if they were fully set out herein.

51. That for Count One of his Complaint, plaintiff Heinlein alleges a claim for damages against defendant Alton, defendant Chief Hayes, defendant Police Officers Seth Stinnett, Michael Beaber, Stephen January, Peter Vambaketes, and William Reed, and certain other unknown Alton police officers under 42 U.S.C.A., Section 1983, for severe and permanent mental and physical injuries sustained by plaintiff Heinlein on or about June 3, 2012 when plaintiff was unlawfully arrested, subjected to "tasing" and beaten, battered and imprisoned in the Alton Jail by the defendants, and each and all of them.

52. That at all times relevant hereto, the defendants, and each and all of them, violated plaintiff Heinlein's right pursuant to the Fourth, Fifth and Fourteenth Amendments to the U.S. Constitution to be free from unlawful seizures and use of excessive force, and not to be peprived of his liberty without due process of law and the equal protection of the law.

**WHEREFORE,** plaintiff CHAD HEINLEIN demands judgment in his favor and against defendant, and each of them as follows:

a.  Actual, compensatory, nominal and presumed damages from the defendants, jointly and severally, for violation of his rights;

b.  Punitive damages as allowed by law;

c.  Attorneys' fees and other expenses as provided by 42 U.S.C. § 1988;

d.  Costs as provided by law; and

e.  For any and all such other relief as the Court deems just and equitable under the circumstances of this case.

Respectfully submitted,

_____

**Robert D. Bas,** # 6282479
Attorney for Plaintiff
Chad Heinlein
217 South Main Street, Suite B
Edwardsville, Illinois 62025
PH: 618-656-6287
FAX:  618-656-0991
E-mail:  baslawoffice@gmail.com

## COUNT TWO

### PLAINTIFF HEINLEIN'S ILLINOIS STATE LAW CLAIM FOR

### ASSAULT AND BATTERY AGAINST ALL DEFENDANTS

Now comes the plaintiff, CHAD HEINLEIN, by and through his attorneys, **Bas Law Office, P.C.**, and for Count Two of his Complaint against each and all of the defendants, including the City of Alton, a Municipal Corporation, and in their individuals and official capacities, City of Alton Police Chief Hayes, Alton Police Officers Police Officers Seth Stinnett, Michael Beaber, Stephen January, Peter Vambaketes, and William Reed and Certain Other Unknown Alton Police Officers, states as follows:

1-52. That for paragraphs one (1) through fifty-two (52) of Count One, plaintiff Heinlein repeats and realleges paragraphs one (1) through fifty-two (52) above as if they were fully set out herein.

53. That at all times relevant hereto, plaintiff Heinlein has a right under Illinois law to be free from the unauthorized and willful touching of his person by defendants.

54. That at all times relevant hereto, defendants, individually and in conspiracy with each other, willfully, wantonly, callously and without legal authority, caused plaintiff Heinlein to legitimately fear unlawful physical contact that would result in harm to himself.

55. That at all times relevant hereto, defendants, individually and in conspiracy with each other, willfully and without legal justification, made intentional and unlawful physical contact with plaintiff Heinlein.

56. That at all times relevant hereto, defendants' intentional and unlawful physical contact with plaintiff Heinlein was the proximate cause of both emotional and physical harm to plaintiff Heinlein, and punitive damages should be awarded to deter defendants and others from committing acts similar to those alleged herein.

**WHEREFORE,** plaintiff CHAD HEINLEIN demands judgment in his favor and against defendant, and each of them as follows:

      **a.**  Actual, compensatory, nominal and presumed damages from the defendants, jointly and severally;

      **b.**  Punitive damages as allowed by law;

      **c.**  Attorneys' fees and other expenses as provided by law;

      **d.**  Costs as provided by law; and

      **e.**  For any and all such other relief as the Court deems just and equitable under the circumstances of this case.

Respectfully submitted,

_____

**Robert D. Bas,** # 6282479
Attorney for Plaintiff Chad
Heinlein
217 South Main Street, Suite B
Edwardsville, Illinois 62025
PH: 618-656-6287
FAX:  618-656-0991
E-mail:  baslawoffice@gmail.com

## COUNT THREE

### PLAINTIFF HEINLEIN'S ILLINOIS STATE LAW CLAIM FOR

### FALSE IMPRISONMENT, UNLAWFUL RESTRAINT

### AND/OR FALSE ARREST AGAINST ALL DEFENDANTS

Now comes the plaintiff, CHAD HEINLEIN, by and through his attorneys, **Bas**

**Law Office, P.C.**, and for Count Three of his Complaint against each and all of the

defendants, including the City of Alton, a Municipal Corporation, and in their individuals

and official capacities, City of Alton Police Chief Hayes, Alton Police Officers Seth

Stinnett, Michael Beaber, Stephen January, Peter Vambaketes, and William Reed and

Certain Other Unknown Alton Police Officers, states as follows:

1-56. That for paragraphs one (1) through fifty-six (56) of Count Three, plaintiff Heinlein

repeats and realleges paragraphs one (1) through fifty-six (56) above as if they were fully

set out herein.

57. At at all times relevant hereto, plaintiff Heinlein had a right under Illinois law to be free from the unlawful and/or unreasonable restraint of his personal freedom of locomotion, caused or procured by another, including defendants herein, and each and all of them, where there are and/or were no reasonable grounds to believe that plaintiff Heinlein had committed any crime.

58. That at all times relevant hereto, defendants, individually and in conspiracy with each other, intentionally caused the detention, restraint and arrest of plaintiff Heinlein against his will, without probable cause that plaintiff Heinlein had committed any crime.

59. That at all times relevant hereto, the conduct of the defendants, and each and all of them, in excercing dominion and control over the freedom of plaintiff Heinlein was an intentional restraint of plaintiff Heinlein against his will by said defendants.

60. That no reasonable grounds or probable cause existed to believe that plaintiff Heinlein committed any criminal offenses with which he was charged by the defendants, and each and all of them.

61. That at all times relevant hereto, the actions of the defendants, and each and all of them, were intentional, wanton, malicious and oppressive, and the result of evil motive or reckless indifference on the part of defendants, and each and all of them, and punitive damages should be awarded to plaintiff Heinlein to deter defendants and others from committing acts similar to those alleged herein.

62. That as a direct and proximate result of defendants' detention and restraint of plaintiff Heinlein, plaintiff Heinlein suffered emotional distress and mental

anguish; plaintiff Heinlein suffered great anxiety and pain of his body and mind; plaintiff Heinlein was greatly injured in reputation and other social circumstances; and plaintiff Heinlein was brought into public disgrace and scandal among his neighbors and members of the community at large.

**WHEREFORE,** plaintiff CHAD HEINLEIN demands judgment in his favor and against defendant, and each of them as follows:

   a.   Actual, compensatory, nominal and presumed damages from the defendants, jointly and severally;

   **b.**  Punitive damages as allowed by law;

   **c.**  Attorneys' fees and other expenses as provided by law;

   **d.**  Costs as provided by law; and

   **e.**  For any and all such other relief as the Court deems just and equitable under the circumstances of this case.

**Respectfully submitted,**

_____

**Robert D. Bas,** # 6282479
Attorney for Plaintiff Chad Heinlein
217 South Main Street, Suite B
Edwardsville, Illinois 62025
PH: 618-656-6287
FAX:  618-656-0991
E-mail:  baslawoffice@gmail.com

**Certificate of Service**

I hereby certify that on June 3, 2013 I electronically filed Civil Cover Sheet and Original Complaint with the Clerk of Court using the CM/ECF system which will send notification of such filings(s) to the following:

City of Alton, Illinois


Respectfully submitted,


S/Robert D. Bas

Robert D. Bas, #6282479
217 S. Main Street – Ste. B
Edwardsville, IL  62025
Phone: (618) 656-6287
Fax: (618) 656-0991
E-mail: baslawoffice@gmail.com

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Heinlein, Chad

**(b)** County of Residence of First Listed Plaintiff    Madison
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Robert Bas, P.C.
217 S. Main St., Suite B
Edwardsville, IL  62025        618-656-6287

### DEFENDANTS
Alton, City of
City of Alton - Hayes, David, Chief of Police
City of Alton - Stinnett, Seth, Police Officer

County of Residence of First Listed Defendant    Madison
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

◻ 1  U.S. Government
Plaintiff

☒ 3  Federal Question
*(U.S. Government Not a Party)*

◻ 2  U.S. Government
Defendant

◻ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                                   *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ◻ 4 | ☒ 4 |
| Citizen of Another State | ◻ 2 | ◻ 2 | Incorporated *and* Principal Place of Business In Another State | ◻ 5 | ◻ 5 |
| Citizen or Subject of a Foreign Country | ◻ 3 | ◻ 3 | Foreign Nation | ◻ 6 | ◻ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ◻ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ◻ 625 Drug Related Seizure of Property 21 USC 881 | ◻ 422 Appeal 28 USC 158 | ◻ 375 False Claims Act |
| ◻ 120 Marine | ◻ 310 Airplane | ◻ 365 Personal Injury - | ◻ 690 Other | ◻ 423 Withdrawal 28 USC 157 | ◻ 400 State Reapportionment |
| ◻ 130 Miller Act | ◻ 315 Airplane Product | Product Liability | | | ◻ 410 Antitrust |
| ◻ 140 Negotiable Instrument | Liability | ◻ 367 Health Care/ | | **PROPERTY RIGHTS** | ◻ 430 Banks and Banking |
| ◻ 150 Recovery of Overpayment | ◻ 320 Assault, Libel & | Pharmaceutical | | ◻ 820 Copyrights | ◻ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ◻ 830 Patent | ◻ 460 Deportation |
| ◻ 151 Medicare Act | ◻ 330 Federal Employers' | Product Liability | | ◻ 840 Trademark | ◻ 470 Racketeer Influenced and |
| ◻ 152 Recovery of Defaulted | Liability | ◻ 368 Asbestos Personal | | | Corrupt Organizations |
| Student Loans | ◻ 340 Marine | Injury Product | | | ◻ 480 Consumer Credit |
| (Excludes Veterans) | ◻ 345 Marine Product | Liability | **LABOR** | **SOCIAL SECURITY** | ◻ 490 Cable/Sat TV |
| ◻ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ◻ 710 Fair Labor Standards | ◻ 861 HIA (1395ff) | ◻ 850 Securities/Commodities/ |
| of Veteran's Benefits | ◻ 350 Motor Vehicle | ◻ 370 Other Fraud | Act | ◻ 862 Black Lung (923) | Exchange |
| ◻ 160 Stockholders' Suits | ◻ 355 Motor Vehicle | ◻ 371 Truth in Lending | ◻ 720 Labor/Management | ◻ 863 DIWC/DIWW (405(g)) | ◻ 890 Other Statutory Actions |
| ◻ 190 Other Contract | Product Liability | ◻ 380 Other Personal | Relations | ◻ 864 SSID Title XVI | ◻ 891 Agricultural Acts |
| ◻ 195 Contract Product Liability | ◻ 360 Other Personal | Property Damage | ◻ 740 Railway Labor Act | ◻ 865 RSI (405(g)) | ◻ 893 Environmental Matters |
| ◻ 196 Franchise | Injury | ◻ 385 Property Damage | ◻ 751 Family and Medical | | ◻ 895 Freedom of Information |
| | ◻ 362 Personal Injury - | Product Liability | Leave Act | | Act |
| | Medical Malpractice | | ◻ 790 Other Labor Litigation | | ◻ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ◻ 791 Employee Retirement | **FEDERAL TAX SUITS** | ◻ 899 Administrative Procedure |
| ◻ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ◻ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ◻ 220 Foreclosure | ◻ 441 Voting | ◻ 463 Alien Detainee | | or Defendant) | Agency Decision |
| ◻ 230 Rent Lease & Ejectment | ◻ 442 Employment | ◻ 510 Motions to Vacate | | ◻ 871 IRS—Third Party | ◻ 950 Constitutionality of |
| ◻ 240 Torts to Land | ◻ 443 Housing/ | Sentence | | 26 USC 7609 | State Statutes |
| ◻ 245 Tort Product Liability | Accommodations | ◻ 530 General | | | |
| ◻ 290 All Other Real Property | ◻ 445 Amer. w/Disabilities - | ◻ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ◻ 462 Naturalization Application | | |
| | ◻ 446 Amer. w/Disabilities - | ◻ 540 Mandamus & Other | ◻ 465 Other Immigration | | |
| | Other | ◻ 550 Civil Rights | Actions | | |
| | ◻ 448 Education | ◻ 555 Prison Condition | | | |
| | | ◻ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original
Proceeding

◻ 2 Removed from
State Court

◻ 3 Remanded from
Appellate Court

◻ 4 Reinstated or
Reopened

◻ 5 Transferred from
Another District
*(specify)*

◻ 6 Multidistrict
Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USCA 1983
Brief description of cause:
Violation of Section 1983; Excessive use of force

## VII. REQUESTED IN
## COMPLAINT:
◻ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
75,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ◻ No

## VIII. RELATED CASE(S)
## IF ANY
*(See instructions):*
JUDGE _____        DOCKET NUMBER _____

DATE
06/03/2013

SIGNATURE OF ATTORNEY OF RECORD
s/Robert D. Bas

**FOR OFFICE USE ONLY**

RECEIPT #            AMOUNT            APPLYING IFP            JUDGE            MAG. JUDGE